UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LELAND FOSTER, | ) Case No. 1:26-cv-322 |
| Plaintiff, | ) Judge |
| v. | ) |
| MIDWEST LAND II LLC, an Indiana limited liability company, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., who hereby files this Complaint against the named Defendant Midwest Land II LLC, an Indiana limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. §

1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

### PARTIES

4. Plaintiff, **LELAND FOSTER** ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Midwest Land II LLC** owns the property located at 103 Frontage Rd, Huntington, IN 46750 in Huntington County, which is a Wendy's fast food restaurant. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Plaintiff has patronized Defendant's fast food restaurant therein previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. The fast food restaurant owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Defendant is responsible for complying with the

obligations of the ADA.  Defendant's fast food restaurant is a place of public accommodation.  Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

8. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also, as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Foster has traveled to the area to frequents the state parks, restaurants, shopping centers, businesses and establishments of Northern Indiana and surrounding area, including the Defendant's property that form the subject of this complaint.

10. Mr. Foster passes through Huntington Indiana specifically 2 or 3 times annually for the past 10 years when he attends adaptive sporting events at Purdue University and while en route to sporting events in Champaign Urbana, Illinois area.  When doing so he has had occasions to be a customer at this Wendy's.

11. On October 20, 2025 and previous occasions, Plaintiff visited the fast food restaurant, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the

ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the fast food restaurant without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the fast food restaurant owned or operated by the Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**<u>Parking and Accessible Routes:</u>**

    A.  The accessible route from the designated accessible parking to the entrance has cracks and changes in level in excess of 1/4 inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is strictly required or, at minimum, readily achievable.

    B.  Designated accessible parking lacks required signage, in violation of the ADA and Section 502.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

C.  There are no designated van accessible parking spaces, in violation of the ADA and Section 208.2.4 of the 2010 Standards and 1991 ADAAG section 4.1.2, whose remedy is strictly required or, at minimum, readily achievable.

**<u>Restrooms</u>**

D.  Signage on the restrooms lacks the international symbol of accessibility, is located in excess of required height and not on the latch side of the door, in violation of the ADA and section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

E.  The men's restroom toilet paper dispenser is not mounted as required and obstructs use of the side grab bar, in violation of the ADA and sections 604.7 and 609.3 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

F.  The men's bathroom's toilet rear grab bar is not long enough being less than 36 inches, in violation of the ADA and Section 604.5.2 of the 2010 Standards and 1991 ADAAG Section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

G.  The Men's public restroom toilet side grab bar is out of compliance, it does not extend 54 inches minimum from the rear wall, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4 whose remedy is strictly required or at minimum is readily achievable.

H.  The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

I. The men's restroom lavatory drain pipes are not adequately insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

J. Waste receptacles obstruct the required clear floor space around the men's restroom water closet, in violation of the ADA and section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

K. In the men's public restroom the water closet is not located 16 to 18 inches from the side wall or partition measured to its centerline, in violation of the ADA and Section 604.2 of the 2010 Standards and 1991 ADAAG Section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

L. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the restroom is necessary.

**<u>Policies and Procedures</u>**

M. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy whose remedy is strictly required or at minimum is readily achievable.

N. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

16. The discriminatory violations described in Paragraph 15 by the Defendant is not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**<u>COUNT I</u>**
**<u>VIOLATION OF THE AMERICANS WITH DISABILITES ACT</u>**

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The fast food restaurant at issue, as owned and/or operated by the Defendant, Midwest Land II LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is

compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the store accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant, MIDWEST LAND II LLC operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

24. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

25. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less

than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

_Counsel for Plaintiff:_

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.* (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
obdjr@owendunnlaw.com
*admitted to N. Dist. of IN.